**2611-CC00894**

Electronically Filed - St Charles Circuit Div - June 29, 2026 - 04:53 PM

**IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI**
**CIRCUIT JUDGE DIVISION**

| | |
|---|---|
| **PATRICK BAKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Cause No.:** |
| **vs.** ) | |
| ) | **Division:** |
| **CHUBB** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Serve:** ) | |
| **CT Corporation System** ) | |
| **5661 Telegraph Rd – Ste 4B** ) | |
| **St. Louis, MO 63129-4275** ) | |
| ) | |
| **And** ) | |
| ) | |
| **TEKSYSTEMS, INC.** ) | |
| ) | |
| **Serve:** ) | |
| **CSC-Lawyers Incorporating Service** ) | |
| **Company** ) | |
| **221 Bolivar Street** ) | |
| **Jefferson City, MO 65101** ) | |
| ) | |
| **Defendants.** ) | |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff Partrick Baker, by and through his attorneys and his Petition for

Damages and, against Defendant CHUBB and Defendant TEKsystems, Inc., states:

## JURISDICTION AND PARTIES

1.      Plaintiff Patrick Baker is an individual who is and was at all times herein after

mentioned, a resident of the State of Missouri and the County of St. Charles.

2.      Defendant CHUBB ("CHUBB") is a foreign general business – for profit that

regularly conducts business in Saint Charles County, Missouri at its office located at: 1 Progress

Point Pkwy, St. Charles, MO 63304.

1

Electronically Filed - St Charles Circuit Div - June 29, 2026 - 04:53 PM

3.      Defendant TEKsystems, Inc. ("TEKsystems") a foreign general business – for profit that regularly conducts business in Saint Charles County, Missouri.

4.      Venue is proper pursuant to §508.010 and §213.111 RSMo because a substantial part of the events giving rise to this cause of action occurred in Saint Charles County, Missouri.

5.      Jurisdiction is proper pursuant to the Missouri Human Rights Act, § 213.010 RSMo., et seq. (MHRA) and §478.070 RSMo.

6.      Plaintiff timely filed a charge of discrimination against Defendant TEKsystems on September 2, 2025 with the U.S. Equal Employment Opportunity Commission (EEOC), Charge number 560-2025-04241, which was dually filed with the Missouri Commission on Human Rights (MCHR), Charge Number FE-09/25-39613.

7.      Plaintiff timely filed a charge of discrimination against Defendant CHUBB on September 2, 2025 with the U.S. Equal Employment Opportunity Commission (EEOC), Charge number 560-2025-04240, which was dually filed with the Missouri Commission on Human Rights (MCHR), Charge Number FE-09/25-39536.

8.      Plaintiff was issued a Notice of Right to Sue from the EEOC on or about March 31, 2026 on Charge No.: 560-2025-04241 against Defendant TEKsystems.

9.      Plaintiff was issued a Notice of Right to Sue from the MCHR on or about April 1, 2026 on Charge No.: 560-2025-04241; FE-09/25-39613 against Defendant TEKsystems.

10.      Plaintiff was issued a Notice of Right to Sue from the EEOC on or about March 31, 2026 on Charge No.: 560-2025-04240 against Defendant CHUBB.

11.      Plaintiff was issued a Notice of Right to Sue from the MCHR on or about April 1, 2026 on Charge No.: 560-2025-04240; FE-09/25-39536 against Defendant CHUBB.

Electronically Filed - St Charles Circuit Div - June 29, 2026 - 04:53 PM

**FACTS COMMON TO ALL COUNTS**

12.     At all relevant times, Plaintiff was employed by Defendant TEKsystems.

13.     At all relevant times, Plaintiff was employed by Defendant CHUBB.

14.     The two Defendants shared management and control over Plaintiff's work activities and essential terms and conditions of employment and were joint employers of him.

15.     Plaintiff worked for Defendant CHUBB and Defendant TEKsystems as a customer service representative beginning on or about May 5, 2025.

16.     Plaintiff is disabled in that he has Asperger's Syndrome and anxiety which are mental impairments that substantially limits major life activities including sleeping, learning, concentrating, thinking, communicating, and working.  Plaintiff's disabilities also substantially limit Plaintiff's brain and neurological major bodily functions.

17.     Plaintiff is currently 55 years of age.

18.     Plaintiff's supervisors and trainer were in their 30's.

19.     Most of the other customer service representatives employed by Defendants were younger than Plaintiff.

20.     Plaintiff disclosed to Plaintiff's trainer and managers that he had Asperger's Syndrome.

21.     Plaintiff's trainer, Scott became increasingly hostile towards Plaintiff after Plaintiff disclosed he has Asperger's Syndrome.

22.     Plaintiff's trainer, Scott told Plaintiff that he did not want to be friends with Plaintiff.

23.     Plaintiff's coworkers noticed that he treated Plaintiff differently.

Electronically Filed - St Charles Circuit Div - June 29, 2026 - 04:53 PM

24.    Plaintiff's trainer, Scott harassed Plaintiff, including by sending numerous messages and emails.

25.    Plaintiff received a positive evaluation on or about August 25, 2025.

26.    On August 26, 2025, Plaintiff complained to Plaintiff's managers about Scott's harassing and discriminating conduct towards Plaintiff.

27.    On August 27, 2025 Plaintiff's manager Ben called Plaintiff and told him, that he was terminated.

28.    Defendant CHUBB and Defendant TEKsystems discriminated against Plaintiff because of his disabilities and age and retaliated against Plaintiff for his complaints of discrimination.

## COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT – AS TO ALL DEFENDANTS

29.    Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his Petition.

30.    This count is authorized and instituted under the Missouri Human Rights Act (MHRA), Section 213.010 R.S.Mo. et seq.

31.    At all relevant times herein, Defendant CHUBB and Defendant TEKsystems were employers as defined by the MHRA.

32.    Plaintiff is a member of the class of people intended to be protected by the Missouri Human Rights Act, including, section 213.010, et seq.

33.    At all times relevant herein the Plaintiff was a person between the ages of 40 and 70.

34.    Plaintiff is disabled as defined under the MHRA, more particularly his disabilities entail permanent injuries that impairs major life activities.

4

Electronically Filed - St Charles Circuit Div - June 29, 2026 - 04:53 PM

35.     During Plaintiff's employment with Defendant CHUBB and Defendant TEKsystems, he was treated differently because of his age, disability and/or perceived disability, and his complaints of discrimination and in retaliation for Plaintiff's complaints of discrimination.

36.     Defendant CHUBB and Defendant TEKsystems took discriminatory actions towards the Plaintiff in regard to his job duties including terminating him and/or failing to reinstate or rehire him and by treating younger and non-disabled employees more favorable.

37.     Defendant CHUBB and Defendant TEKsystems were aware of Plaintiff's disabilities or perceived him to be disabled.

38.     Plaintiff was subject to discriminatory actions by Defendant CHUBB and Defendant TEKsystems and their agents and employees.

39.     The discrimination and retaliation of the Plaintiff affected a term, condition, or privilege of his employment.

40.     Defendant CHUBB and Defendant TEKsystems took discriminatory actions towards the Plaintiff in regard to his job duties by terminating Plaintiff from his employment, by failing to reinstate or rehire him, because of his age, disability and/or perceived disability, and by retaliating against the Plaintiff because of his age, disability and/or perceived disability and his complaints of discrimination including terminating him and/or failing to reinstate or rehire him.

41.     Defendant CHUBB and Defendant TEKsystems articulated reasons for their actions were pretexts for unlawful actions.

42.     Defendant CHUBB and Defendant TEKsystems limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive him of employment opportunities or

Electronically Filed - St Charles Circuit Div - June 29, 2026 - 04:53 PM

otherwise adversely affect his status as an employee, because of his age, disability and/or perceived disability, and his complaints of discrimination.

43. Defendant CHUBB and Defendant TEKsystems discharged, discriminated and retaliated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, because of his age, disability and/or perceived disability, and his complaints of discrimination and for his exercising of his rights under the Missouri Human Rights Act, as it relates to employment.

44. Defendant CHUBB and Defendant TEKsystems retaliated and discriminated against Plaintiff because he opposed practices prohibited by Chapter 213 R.S.Mo. and/or because he filed a complaint, testified, assisted, or participated in investigations, proceedings or hearings conducted pursuant to Chapter 213 R.S.Mo.

45. Plaintiff's age, disability and/or perceived disability, and his complaints of discrimination and opposition to practices prohibited by Chapter 213 of the Missouri Revised Statutes were a motivating factor in Defendant CHUBB and Defendant TEKsystems' discrimination and retaliation and actions against him including his termination, and/or failing to reinstate or rehire him.

46. Defendant CHUBB and Defendant TEKsystems actions were directly and causally connected to Plaintiff's opposition of practices prohibited by the MHRA.

47. The Plaintiff has suffered financial loss including but not limited to lost wages and benefits, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life and incurred attorney fees and costs as a result of the actions of Defendant CHUBB and Defendant TEKsystems.

Electronically Filed - St Charles Circuit Div - June 29, 2026 - 04:53 PM

**WHEREFORE**, the Plaintiff pray this court after a trial by jury, for which a jury is hereby demanded, to find that Defendant CHUBB and Defendant TEKsystems have violated the rights of the Plaintiff as set forth above; That a Judgment be entered ordering Defendant CHUBB and Defendant TEKsystems to make Plaintiff whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, and other affirmative relief necessary to eradicate the effects of Defendant CHUBB and Defendant TEKsystems unlawful employment practices, in an amount to be determined at trial, in excessive of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully request a trial by jury on all issues.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Ryan Schellert*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*

7